### No. 720
FLETCHER v. CINCINNATI REALTY CO.

Superior Court of Cincinnati

No. 59218. Decided July 3, 1925

297. CONTRACT—Failure to perform one, where notice of such fact, by publication, is served to those who might be inconvenienced by such breach, is not libel.

MARX, J.

Victor Fletcher brought his action in the Superior Court claiming that the Hotel Sinton refused to serve a banquet to 500 people, and that it published a notice in a newspaper that no such banquet would be held at its hotel, which humiliated him causing him special damages of $500, and general damages of $99,500.

The defendant demurred to the petition on the ground that mere multiplication of words does not make a cause of action. The Hotel claimed that after Fletcher had broadcasted an invitation to the people of Cincinnati, to discuss and declare themselves against certain railroad improvements, it had published a notice, in the newspapers, informing the citizens of Cincinnati that no banquet would be held under its auspices. The Court held:

There was nothing in the notice which was untrue. There was nothing which held Fletcher up to contempt or ridicule. Failure to carry out a contract, and to serve notice of such fact to those who might otherwise be inconvenienced by the breach of such contract, is not libel.

A definition of libel as defined by the Supreme Court is: "A false and malicious pub-

lication against an individual, either in print or writing, or by picture, with intent to injure his reputation and expose him to the public hatred, contempt or ridicule." The advertisement published by defendant did not come within this definition.

Conceding all of the facts to be true they may constitute an action for breach of contract to serve a dinner for which plaintiff may be entitled to damages. The demurrer is sustained.

Attorneys—Weiland, Strother & Weiland 1, Fletcher; Frost & Jacobs for Co.; all of Cincinnati.